IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLIA MAJID WATTS, | ) CIVIL NO. 15-00048 LEK-KSC |
| Plaintiff, | ) FINDINGS AND ) RECOMMENDATION TO DISMISS |
| vs. | ) ACTION |
| PAUL ANTHONY PETER LYNCH; LORRAINE LYNCH, | ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO DISMISS ACTION

On May 18, 2015, the Court held a Rule 16 Scheduling Conference. Plaintiff Allia Majid Watts ("Plaintiff") failed to appear. On May 19, 2015, the Court issued an Order to Show Cause ("OSC") why the case should not be dismissed for failure to appear at the Rule 16 Scheduling Conference and failure to serve. The Court noted that it appeared that Plaintiff had not served Defendants. The Court cautioned Plaintiff that his failure to appear at the OSC hearing and/or failure to provide an adequate response to the OSC may result in the dismissal of this action.

Courts do not take failures to comply with Court orders or failures to prosecute lightly. Federal

Rule of Civil Procedure ("FRCP") 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id. To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Local Rules also authorize the imposition of sanctions when a party fails to comply with any provision of the Local Rules. Local Rule 11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other

appropriate sanction. Sanctions may be imposed by the court *sua sponte* consistent with applicable law."). Although the Court recognizes that Plaintiff is proceeding *pro se*, his *pro se* status does not excuse his compliance with all applicable rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

Here, dismissal is appropriate given Plaintiff's failure to prosecute and failure to comply with a Court order. Based on the record before the Court, Plaintiff has yet to serve Defendants, he failed to appear at the Rule 16 Scheduling Conference, failed to file a scheduling conference statement, and failed to respond to the OSC or appear at the OSC hearing. The Court therefore finds, after considering the Pagtalunan factors, that dismissal is appropriate.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious

resolution of litigation always favors dismissal.")
(quotations omitted). The Court, not Plaintiffs, should control the pace of the docket. <u>Yourish</u>, 191 F.3d at 990; <u>Pagtalunan</u>, 291 F.3d at 642.

Moreover, Defendants will suffer prejudice if this case continues without the effectuation of service. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. <u>Pagtalunan</u>, 291 F.3d at 642.

Under the present circumstances, the Court believes that less drastic alternatives are not appropriate. The Court issued an OSC and provided Plaintiff with an opportunity to explain his failures. However, even the threat of dismissal did not compel a response. The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiff to prosecute this action. For these reasons, the Court is left with no choice but to dismiss.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to serve, failure to prosecute, and failure to comply with a Court order.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 18, 2015.



/s/ Kevin S.C. Chang
Kevin S.C. Chang
United States Magistrate Judge

CV 15-00048 LEK-KSC; WATTS V. LYNCH, ET AL.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION